Lloyd **ROBERTS**, Appellant,

v.

**UNITED STATES** of America, Appellee.

Eleanor **ROBERTS**, Appellant,

v.

**UNITED STATES** of America, Appellee.

**UNITED STATES** of America, and P. D. Aiken, Special Agent of the Internal Revenue Service, Appellants,

v.

Irving **GREENMAN**, Appellee.

**UNITED STATES** of America, and Denis J. Jaster, Special Agent of the Internal Revenue Service, Appellants,

v.

Samuel **SAITOW**, as President of Import Fashions, Inc., and Import Fashions, Inc., Appellees.

Nos. 25152, 25153, 25296, 25297.

United States Court of Appeals Fifth Circuit.

July 2, 1968.

Sidney A. Soltz, Miami, Fla., for appellants, Roberts.

Mitchell Rogovin, Asst. Atty. Gen., Tax Div., Lee A. Jackson, Crombie J. D. Garrett, Tax Div., Willy Nordwind, Jr., Marian Halley, Attys., Dept. of Justice, Washington, D. C., William A. Meadows, Jr., U. S. Atty., Alfred A. Sapp, Asst. U. S. Atty., Miami, Fla., for the United States.

Charles L. Ruffner, Miami, Fla., for appellee, Greenman.

Sidney A. Soltz, Miami, Fla., for appellees, Saitow and Import Fashions, Inc.

Before POPE,* TUTTLE and CLAYTON, Circuit Judges.

POPE, Circuit Judge:

These four appeals, consolidated for briefing and argument in this court, seek review of orders made in the district court pursuant to proceedings brought under § 7604 of the Internal Revenue Code of 1954 (Title 26). In each of the proceedings, summons issued pursuant to § 7602 of Title 26 was sought to be enforced in the district court.

Under § 7602, the Secretary of the Treasury, or his delegate, is authorized to examine books, papers, records or other data relevant or material to an inquiry as to the liability of any person for any internal revenue tax. The section also grants authority to issue summons requiring the person liable for the tax and certain other persons to appear and to give such testimony under oath as may be relevant or material to such inquiry.[1] Section 7604 provides that the district court may enforce compliance with such summons.[2] The proceedings

---

\* Of the Ninth Circuit, sitting by designation.

1. Section 7602, here mentioned, provides as follows:

"For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized—

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having posses-

sion, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry."

2. "§ 7604. (a) Jurisdiction of district court.—If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the

here under review were of that character.

The persons summoned belong to two groups: the two Roberts, whose tax liability was under investigation, and Saitow and Greenman, whose tax liability was not being investigated, but whose testimony was sought because of their special knowledge of the affairs of certain taxpayers. In each case, the persons summoned objected to the summons and refused to appear on the ground that he or she had not been paid witness fees or mileage and the same had not been guaranteed or assured, and hence, that they were not compelled to comply with the summons. After hearing, the trial court ordered that respondent Greenman appear and obey the requirements of the summons and ordered that upon compliance with the terms of the summons he should be paid a witness' fee pursuant to Title 5 U.S.C. § 503(b). A similar order was made with respect to respondent Saitow, the court charging that upon compliance with the summons he would be entitled to a witness fee.

In the cases of the two Roberts appellants, however, the trial court found that neither of them was entitled to a witness fee or mileage inasmuch as it was his and her tax liability that was being investigated and each of them was ordered to obey the requirements of the summons without any obligation on the part of the Government to pay witness fees or mileage. Both of the Roberts have appealed and the United States has appealed from the orders requiring payment of witness fees to Saitow and Greenman.

The key section here involved appears under the heading "Administrative Procedure" in Title 5 § 503 which provides as follows: "(a) For the purpose of this section, 'agency' has the meaning given it by section 5721 of this title. (b) A witness is entitled to the fees and allowances allowed by statute for witnesses in the courts of the United States when—

(1) he is subpenaed under section 304(a) of this title; or

(2) he is subpenaed to and appears at a hearing before an agency authorized by law to hold hearings and subpena witnesses to attend the hearings."

In the Government's appeal from the order for payment of fees to Greenman and Saitow, it argues that § 503, just quoted, has no application here because the proceeding in which summons was issued did not call for a "hearing". The argument is that the Government is never chargeable with witness fees unless they are provided for by express statute. It is contended that the proceedings held pursuant to § 7602 do not involve such a "hearing".

The Government proceeds by quoting from Black's Law Dictionary a definition of "hearing" which hardly sustains its position here. The Government then asserts as follows: "Thus, by dictionary definition, the legal term 'hearing' is only properly descriptive of that type

United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Whenever any person summoned under section * * * 7602 neglects or refuses to obey such summons * * * [t]he Secretary or his delegate may apply to the judge of the district court or to a United States commissioner for the district within which the person so summoned resides * * * for an attachment against him as for a contempt. It shall be the duty of the

judge or commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commission shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience."

of proceedings which is *adjudicatory or quasi-judicial* in nature." The argument is that a proceeding of the kind involved here, before a revenue agent, bears no resemblance to a "hearing" because "such proceedings before the agent are non-adjudicatory in that they are purely investigatory or inquisitorial in nature."

With this we cannot agree. There is nothing in the nature of the legislative history connected with any of these sections which indicates that when Congress enacted § 503 in its present form it was attaching to the word "hearing" any such refined technical meaning as that asserted by Government counsel. Nothing that we have been able to perceive here has convinced us that the word "hearing" was used in any such limited sense. On the contrary, the wording would indicate that Congress may have used it as a convenient reference to any sort of proceeding at which testimony is taken.

It is to be noted that the proceeding under § 7602 is for the purpose of "determining the liability of any person for any internal revenue tax." Such a determination would be adjudicatory in nature and would result in a determination by the Internal Revenue Service as to what the liability was. That it is an adversary proceeding is indicated by the fact that under Title 5 § 555 the parties are entitled to be represented and advised by counsel.[3]

Since we hold that the proceedings before the revenue officer, contemplated by the summons here involved, are of the character contemplated by the Congress when it enacted Title 5 § 503(b), supra, we reject the Government's attempted linguistic analysis used in its argument that that section has no application here. As stated in Sabbath v. United States, 391 U.S. 585, at 589, 88 S.Ct. 1755, at 1758, 20 L.Ed.2d

828 (June 3, 1968): "But linguistic analysis seldom is adequate when a statute is designed to incorporate fundamental values and the ongoing development of the common law."

We think it plain that the congressional purpose in the enactment of § 503 was to provide for witness fees in all administrative proceedings of the character here involved. It seems eminently just that a person compelled to answer such a summons should be entitled to such fees and we decline to believe that Congress meant anything else.

Accordingly, the judgments of the court below in the cases of Greenman and Saitow are affirmed. No persuasive argument has been presented to us as to why similar fees should not be allowed in the cases of Lloyd Roberts and Eleanor Roberts and accordingly the judgments denying them their witness fees and mileage are reversed.

---

**3.** See United States v. McKay, 5th Cir., 372 F.2d 174, 175: "A proceeding for the enforcement under section 7604(a) of a summons issued by the Commissioner of Internal Revenue under section 7602 is an adversary proceeding which affords a judicial determination of challenges to the summons. * * *" See also Reisman v. Caplin, 375 U.S. 440, 445, 84 S. Ct. 508, 11 L.Ed.2d 459.