**UNITED STATES of America, etc., et al., Appellees,**

v.

**James R. COSON, etc., et al., Appellants.**

**No. 73–2134.**

United States Court of Appeals, Ninth Circuit.

April 17, 1975.

Rehearing Denied June 25, 1975.

E. L. Fraser (argued), Los Angeles, Cal., for appellants.

William A. Whitledge, Atty. Tax Div., Dept. of Justice (argued), Washington, D. C., for appellees.

OPINION

Before CHAMBERS, CHOY, and GOODWIN, Circuit Judges.

CHAMBERS, Circuit Judge:

The Internal Revenue Service wants to inspect a mass of business records for several years of thirteen corporations apparently dominated by Coson.  On a request to enforce a massive summons, the district court has ordered compliance.  Thus, we have an appeal.

With the gracefulness of an elephant, the Internal Revenue Service has given Coson a lot to complain about.  But we find the complaints mostly beyond our reach.

---

Early in January 1973, Coson was served with 157 summonses for books and records, apparently one for each of several years for each of several corporations. Coson appeared but demanded witness fees and mileage on each summons. And possibly he was right. So the first set went awry. The Service, without regard for the number of trees required to produce the pulp to produce the paper, then got out another group of summonses, again about as massive as the first set, requiring attendance on another day. This group was withdrawn.

Finally, round three arrived. The Service issued one comprehensive summons. The summons day arrived. Coson appeared, but declined cooperation until paid alternately $260.00 plus mileage or $8,840.00 plus mileage for the government's previous annoying summonses now cancelled. His well-known demand had induced the latest summons.

Considered alone, the sum of $22.00 offered by the Internal Revenue Service agent on the comprehensive summons would be enough.

As part of the scene, at the last go round, the agent tendered Coson a chance for him to sign a voucher which we understand would have produced a good government check for $22.00. Coson quibbles about the form of the claim. But he could have corrected it. And, we shall not require the internal revenue agents to go around like narcotic agents with bait money.

■ We are impressed that the Service should not be able to summon in a record custodian even twice without the tender of, or arrangements for quick payment of, fees for the past appearances and the present one. We hold, therefore, that on the first abortive appearance Coson was entitled to be shown the way to the paymaster for $22.00. (We do not rule on what he would be entitled to if he had literally complied with all of the 157 summonses.) We hold that in appearing on the third or omnibus summons he was entitled to $22.00 now and $22.00 for the delinquency, or $44.00. Thus, the offer was defective on the omnibus summons. Now, when the summons is enforced, he will have to come again and he will be entitled to cash, or something almost as good, such as a readily payable claim, for his new appearance, or a total of $66.00. This assumes his mileage will be the same. The order enforcing the summons should be amended to assure payment for Coson's three appearances before he hands over the records for inspection.

We believe we are following Roberts v. United States, 397 F.2d 968 (5th Cir. 1968).

We are not impressed with other points raised by the appellant. If Miranda should be violated, that can be raised as a shield at the appropriate time. If the Service tries to search beyond the bounds of propriety under the summons, Coson can go back to the district court. The court properly handled the discovery issue correctly and the arguments about the Freedom of Information Act seem inappropriate.

Coson is indignant about either an assessment or the fixing of a lien by the Internal Revenue Service. He says it represents an outrageous breach of faith by the Service and that he wants discovery about it. If it is true, the Service should do, in common fairness, something to correct it. But we hold it is no part of this proceeding.

The order for enforcement should be modified as indicated above in a way that Coson will not be forced to fall back on the Tucker Act. It is so ordered.

There will be no costs.