**UNITED STATES of America and John DeZelar, Revenue Agent, Internal Revenue Service, Appellees,**

v.

**Lyle MILLER, as Director and Trustee of Basic Bible Church of America, and Basic Bible Church of America, Appellants.**

No. 79–1226.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 22, 1979.

Decided Oct. 30, 1979.

Lyle Miller, Basic Bible Church of America, pro se.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Charles E. Brookhart, and Gilbert S. Rothenberg, Attys., Tax Div., Dept. of Justice, Washington, D. C., and Andrew W. Danielson, U. S. Atty., and Sheryl Ramstad Hvass, Asst. U. S. Atty., Minneapolis, Minn., on brief for appellee.

Before LAY, BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

The Basic Bible Church of America (Church) and Lyle Miller, as director and trustee of the Church, appeal from an order of the district court [1] directing them to comply with an Internal Revenue Service (IRS) summons. The appellants raise the following issues on appeal. (1) Did the district court lack personal jurisdiction over appellants? (2) Was the summons void because witness fees and mileage were not tendered to appellants? (3) Did the IRS comply with 26 U.S.C. § 7605(c)? (4) Did the district court improperly adopt the findings and recommendations of the federal magistrate? We affirm the order of the district court.

Between March and June 1977, the IRS made several unsuccessful attempts to obtain voluntary disclosure of information about the Basic Bible Church of America and its activities, for the purpose of reassessing the tax-exempt status of the Church under 26 U.S.C. § 501(c)(3). On November 30, 1977, Revenue Agent John DeZelar served Lyle Miller, as director and trustee of the Church, with a summons directing him to appear and produce specified Church records and documents for IRS examination. Upon Miller's failure to comply, the United States and DeZelar, on August 15, 1978, filed in the district court a petition for enforcement of the summons pursuant to 26 U.S.C. §§ 7402 and 7604. The district court issued an order to Miller and the Church to appear and show cause why they should not be compelled to testify and produce the requested records. The show cause order and petition to enforce the summons were served on Miller on September 19, 1978.

Miller responded by filing pro se a special appearance, motion to quash, and answer, in which he asserted that he had not been served with process as required by Fed.R. Civ.P. 3 and 4, and that the summons was null and void because he was not tendered witness fees. He further contended that the examination requested by the summons

was unauthorized because the IRS did not assert a belief that the Church was engaged in unrelated business activity and that the proceedings were only for harassment purposes.

The case was referred to a federal magistrate for hearing. The government presented no witnesses but submitted to the court copies of the relevant correspondence between the IRS and the Church and Agent DeZelar's statement that Miller and the Church had failed to comply with the agency's request for information. The statement alleged that the information was necessary to determine the Church's continuing eligibility for tax-exempt status and tax liability, if any, and that the information requested was not otherwise in the possession of the IRS. Miller appeared specially at the hearing and reiterated the objections made in his answer. He declined the opportunity to question Agent DeZelar and requested that the petition to enforce be dismissed.

The magistrate recommended that the summons be enforced. He concluded that the court had jurisdiction under 26 U.S.C. §§ 7402 and 7604 and that Miller had properly been served with a copy of the show cause order. He found that the documents requested in the summons were not in possession of the IRS [2] and were necessary to determine the Church's tax liability, if any, and exempt status for the years 1973–76, and that Miller, although duly served, had failed to comply with the summons. The magistrate also found that there had been no recommendation by the IRS to the Department of Justice for criminal prosecution of Miller, and that Miller failed to demonstrate that the IRS had any improper motive in issuing the summons.

Miller filed objections to the magistrate's report, incorporating by reference all of his prior objections and specifically contending the IRS failed to comply with the restrictions imposed on the examination of church records by 26 U.S.C. § 7605(c).

---

1. The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota.

2. The magistrate's report itemized those Church documents already in the possession of the IRS and recommended that they be exempt from the summons enforcement order.

By order entered February 1, 1979, "based upon the Findings and Recommendation" of the magistrate, the district court ordered compliance with the summons within thirty days.

Appellant Miller argues first that the district court lacked personal jurisdiction because no summons and no complaint were served upon him as prescribed by Fed. R.Civ.P. 3 and 4. The district court predicated personal jurisdiction on the service of the show cause order and the petition for enforcement on Miller. This is a proper basis for asserting personal jurisdiction. *United States v. Gajewski*, 419 F.2d 1088, 1092 (8th Cir. 1969), *cert. denied*, 397 U.S. 1040, 90 S.Ct. 1361, 25 L.Ed.2d 651 (1970). *Accord, Donaldson v. United States*, 400 U.S. 517, 529, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971).

Appellant argues that he was prejudiced because he was not given the usual twenty days to answer; the show cause order directing him to respond within ten days. However, no prejudice is apparent from the record. Appellant contends he was prejudiced because the show cause order precluded discovery procedures. Nothing in the show cause order precluded discovery. Furthermore, at the hearing before the magistrate appellant Miller refused the opportunity to cross-examine Agent DeZelar. *See United States v. Church of Scientology*, 520 F.2d 818, 823–25 (9th Cir. 1975); *United States v. National State Bank*, 454 F.2d 1249, 1252 (7th Cir. 1972).

Miller next contends the summons was void and the court lacked jurisdiction to enter an enforcement order because witness fees and mileage were neither tendered to him nor made part of the enforcement order.

In *Roberts v. United States*, 397 F.2d 968 (5th Cir. 1968), the Fifth Circuit held that witnesses summoned pursuant to 26 U.S.C. § 7602, including the taxpayer whose liability was under investigation, were entitled to witness fees under 5 U.S.C. § 503, which authorizes payment of witness fees to persons subpoenaed to appear at a hearing

before an agency. In Rev.Rul. 68–645, 1968–2 C.B. 599, the IRS stated it would follow that decision and would, upon request, pay witness fees and mileage to witnesses appearing in compliance with formal summonses issued under 26 U.S.C. § 7602. The government thus concedes that had Miller appeared in response to the summons, he would have been entitled to fees. However, it contends that Miller is not entitled to fees unless and until he actually appears in response to the summons.

The issue was considered by the Seventh Circuit in *United States v. Awerkamp*, 497 F.2d 832 (7th Cir. 1974). That court stated:

> We note that 28 U.S.C. § 1825 states that "[f]ees and mileage need not be tendered to the witness upon service of a subpoena issued in behalf of the United States or an officer or agency thereof . . . ." When respondent appears before the revenue officer, he may request reimbursement. In any event, a claim for witness fees and mileage does not insulate respondent from process.

*Id.* at 836–37 (footnote omitted).

The IRS manual provides that a prospective witness may demand guaranteed payment of fees, and it authorizes advance payment if the witness cannot comply unless travel expenses are furnished. Section I, Int.Rev.Manual, ¶ 4022.5. Because there is nothing in the enforcement statute (26 U.S.C. § 7604) predicating enforcement on the advance of fees, and the agency procedures outlined appear adequate, the rationale of *United States v. Awerkamp, supra,* 497 F.2d 832, is adopted. Accordingly, we reject appellant's argument that the enforcement order is void because it does not provide for payment of mileage and witness fees.

The third issue raised by appellant is whether the IRS failed to comply with the restrictions imposed on the examination of churches by 26 U.S.C. § 7605, which provides:

> (c) *Restriction on examination of churches.*—No examination of the books of account of a church or convention or association of churches shall be made to

determine whether such organization may be engaged in the carrying on of an unrelated trade or business or may be otherwise engaged in activities which may be subject to tax under part III of subchapter F of chapter 1 of this title (sec. 511 and following, relating to taxation of business income of exempt organizations) unless the Secretary (such officer being no lower than a principal internal revenue officer for an internal revenue region) believes that such organization may be so engaged and so notifies the organization in advance of the examination. No examination of the religious activities of such an organization shall be made except to the extent necessary to determine whether such organization is a church or a convention or association of churches, and no examination of the books of account of such an organization shall be made other than to the extent necessary to determine the amount of tax imposed by this title.

The government states that the IRS complied with the statute by a letter from the Regional Commissioner to appellant dated June 24, 1977. That letter said in pertinent part:

> Since you have not provided the information requested, I have authorized the St. Paul District to make an examination of your books of account in accordance with the provisions of Section 7602 and 7605(c) of the Internal Revenue Code. Such examination is for the purpose of (1) determining your continuing qualification for exemption under Section 501(c)(3); (2) determining whether you continue to qualify as an organization contributions to which are deductible * * *; and (3) determining the amount of tax, if any, imposed by the Code on your organization.

Appellant contends 28 U.S.C. § 7605(c) and attendant Treas.Reg. § 301.7605–1(c)(2) (26 C.F.R.)[3] requiring the Regional Commissioner to notify the organization thirty days in advance of examination were not met because the Regional Commissioner did not inform the Church he "believed" the Church was engaged in taxable activity. Appellant sees this as a condition precedent to the summons.

We believe that the letter from the Regional Commissioner dated June 24, 1977, following the earlier letters seeking to obtain the requested documents voluntarily, clearly indicates the proper official believed an examination of the books of account was necessary to determine if the Church "engaged in activities which may be subject to tax." Thus we hold that the IRS complied with the requirements of 28 U.S.C. § 7605(c) and its corresponding regulations.

■ Finally, appellant contends the district court was required to conduct a hearing *de novo* concerning the magistrate's findings and recommendation, and that the district court failed to do so.

The district court's order designating the magistrate to conduct the hearing specified the reference was pursuant to 28 U.S.C. § 636(b)(1)(B). While it is not entirely clear that the designation falls within the terms of this subsection, that question need not be decided. The designation is proper under section 636(b)(3), which provides: "A magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States."

It is clear from the legislative history that Congress did not intend the express authorization for magistrates to conduct hearings provided by section 636(b)(1)(B) to preclude their conducting hearings in other contexts. See House Rep. No. 94–1609, 94th Cong., 2d Sess., *reprinted in* [1976]

---

**3.** No examination of the books of account of a church * * * shall be made unless the Regional Commissioner believes that such examination is necessary and so notifies the organization in writing at least 30 days in advance of examination. The Regional Commissioner will conclude that such examination is necessary only after reasonable at- tempts have been made to obtain information from the books of account by written request and the Regional Commissioner has determined the information cannot be fully or satisfactorily obtained in that manner.
Treas.Reg. § 301.7605–1(c)(2), T.D. 7146, 1971–2 C.B. 429.

U.S.Code Cong. & Admin.News 6162, 6172 ("[§ 636(b)(3)] is not restricted in any way by any other specific grant of authority to magistrates.")

In accordance with the district court's order of reference, the magistrate submitted to the court proposed findings of fact and recommendations for disposition. As authorized by the last paragraph of section 636(b)(1), Miller then filed written objections to the magistrate's recommendation. Miller's objection that the district court failed to hold a *de novo* hearing is apparently derived from the requirement of section 636(b)(1) that the district court make a *de novo* determination of those portions of the magistrate's report to which objection has been made. Again, the legislative history is instructive.

> The use of the words "de novo determination" is not intended to require the judge to actually conduct a new hearing on contested issues. Normally, the judge, on application, will consider the record which has been developed before the magistrate and make his own determination on the basis of that record, without being bound to adopt the findings and conclusions of the magistrate.

House Rep. No. 94–1609, *supra*, [1976] U.S. Code Cong. & Admin.News at 6162, 6163. There is, therefore, no requirement that the court conduct a full hearing *de novo*.

In this case the district court issued the order of enforcement after having the magistrate submit "proposed" findings and recommendations to the court. The court had before it these findings and the appellant's objections. It then ordered the summons enforced. Therefore, we find the district court made a *de novo* determination in compliance with section 636(b)(1), and that the referral to the magistrate was proper under the "additional duties" provision of 28 U.S.C. § 636(b)(3). The district court should make it clear in future orders that it has reviewed the record and adopts the findings and recommendation of the magistrate only after an independent determination. *Cf. Duryea v. Third Northwestern Nat'l Bank of Minneapolis,* 602 F.2d 809 (8th Cir. 1979).

The order of the district court in enforcing the summons is affirmed.