**UNITED STATES of America, and Merlene McGalliard, Revenue Representative, Internal Revenue Service, Petitioners-Appellees,**

v.

**William P. MONEY, Respondent-Appellant.**

**Nos. 84–7027, 84–7100.**

United States Court of Appeals, Eleventh Circuit.

Oct. 22, 1984.

---

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, William A. Whitledge, Douglas E. Coulter, U.S. Dept. of Justice, Tax Div., Washington, D.C., for plaintiffs-appellees.

---

Before GODBOLD, Chief Judge, KRAVITCH and HATCHETT, Circuit Judges.

KRAVITCH, Circuit Judge:

The issue in this case is whether prepayment of witness fees and travel expenses is required for enforcement of an Internal Revenue Service (IRS) summons. We affirm the district court's conclusion that it is not.

Appellant, William P. Money, a self-employed individual who employed others, was required to withhold federal income tax and social security taxes from his employees and pay those taxes to the IRS quarterly. Appellant filed the returns for the periods ending June 30, 1981, and September 30, 1981, but failed to pay the taxes due. The IRS issued a summons directing appellant to appear before it and produce books, records, and papers for those two periods. On July 25th appellant appeared before IRS representative Merlene McGalliard. He did not testify or produce any records but rather asked for additional time, until August 29, 1983, to gather the requested information. On August 29, 1983, appellant appeared before IRS representative McGalliard and again requested an extension so that he could obtain certain information under the Freedom of Information Act. The IRS denied appellant's request for a second extension of time, and appellant submitted two forms requesting witness fees and travel expenses. On October 6, 1983, appellant appeared before the IRS for the third time but refused to

provide any information until the IRS first paid him witness fees and travel expenses. The IRS then filed a petition in the district court to enforce the summons. At the district court hearing appellant testified that he first appeared to determine the nature of the information sought by the IRS and that in the two later appearances he refused to answer questions or turn over documents requested by the summons because the IRS would not pay any witness fees or expenses. The district court entered an order to enforce the summons. On the date set by the court, appellant appeared at the IRS but once more refused to cooperate unless he was first provided with a form to claim witness fees and expenses. The IRS moved to hold appellant in contempt and the district court granted the motion without a hearing. Appellant appeals from the court's order enforcing the summons and from the contempt order.

Appellant argues that he was entitled to payment of witness fees and travel expenses before he complied with the IRS summons, and that the enforcement order is void because he did not receive prepayment of fees.[1] 26 U.S.C. § 7610(a) authorizes payment of witness fees and travel expenses to persons summoned to appear before the IRS. The statute, however, does not condition enforcement of an IRS summons on prepayment of these fees.[2] In *United States v. Awerkamp*, 497 F.2d 832 (7th Cir.1974), the Seventh Circuit enforced an IRS summons despite respondent taxpayer's claim that he was not offered mileage and witness fees. Similarly in *United States v. Miller*, 609 F.2d 336 (8th Cir. 1979), the Eighth Circuit rejected taxpayer's argument that an IRS enforcement

order was void because it did not provide for witness fees or mileage. The court noted that the IRS manual authorized advance payment of fees if a witness could not comply with the summons because of an inability to furnish travel expenses. *Id.* at 338. *See* I Int.Rev.Manual, ¶ 4022.5.

Appellant's reliance on *Coson v. United States*, 515 F.2d 906 (9th Cir.1975), *cert. denied*, 423 U.S. 927, 96 S.Ct. 272, 46 L.Ed.2d 253 (1975) is misplaced. *Coson* arose when a record custodian arrived at the IRS office prepared to comply with a summons, but the IRS was unable to review the records promptly. When the record custodian appeared again and demanded expenses before cooperating, an IRS agent offered him a voucher that entitled him to a check for expenses. Upon his refusing the offer and declining to cooperate, the IRS sought enforcement of the summons. The Ninth Circuit held that the custodian was entitled to mileage expenses for each appearance, *id.* at 907; it did not indicate, however, that prepayment of fees is a prerequisite for the production of documents required by a summons. We agree with the other circuits that prepayment of witness fees and travel expenses is not required for enforcement of an IRS summons.[3]

Appellant also attacks the district court's contempt order. Although the IRS must prove by clear and convincing evidence that a court's order has been violated, *United States v. Hayes*, 722 F.2d 723, 725 (11th Cir.1984), once the IRS meets the burden, the court may hold the respondent in contempt for failure to comply with the summons unless the respondent shows that he has made all reasonable efforts to com-

---

1. The IRS does not dispute that appellant is entitled to witness fees and expenses. In *Roberts v. United States*, 397 F.2d 968 (5th Cir.1968), the Fifth Circuit held that witnesses summoned pursuant to 26 U.S.C. § 7602, including the taxpayer whose liability was under investigation, were entitled to witness fees under 5 U.S.C. § 503, which authorizes payment of witness fees to persons subpoenaed to appear at a hearing before an agency. Congress subsequently enacted 26 U.S.C. § 7610, which, in part, codifies this decision.

2. Neither 26 U.S.C. § 7602, which authorizes the IRS to summon individuals to ascertain liability for taxes, nor 26 U.S.C. § 7604, which permits court enforcement of an IRS summons, requires payment of witness fees and travel expenses before an individual complies with the summons.

3. We note, as did the Eighth Circuit in *United States v. Miller*, 609 F.2d 336 (8th Cir.1979), that prepayment of expenses is authorized if a witness is unable to cover travel costs. Appellant did not make this claim to the IRS or the district court.

ply. *Id.* Here the court ordered appellant to appear before the IRS and produce the relevant documents. Appellant appeared at the IRS office on the appropriate date, but refused to produce the documents unless he was first provided with a form on which to claim witness fees and expenses. Appellant did not suggest that he could not comply with the summons due to an inability to furnish travel expenses and he never contended that he did not possess the relevant documents. On the contrary, he refused to comply with the summons because the IRS did not provide him with a form for reimbursement for his travel expenses. The IRS followed the proper procedure by filing a motion for contempt. When the district court entered an order to show cause, appellant responded with the same arguments he had raised previously. The district court did not abuse its discretion in finding Money in contempt.[4] The judgment of the district court is AFFIRMED.

4. Appellant's claim that the district court's order of contempt issued without a hearing violated his due process rights is without merit. Appellant responded to the motion for contempt with the same request he made at the enforcement hearing, and claimed that compliance would moot his appeal. Neither claim required an evidentiary hearing.