UNITED STATES of America and Wallace McKay, Revenue Agent, Internal Revenue Service, Appellees,

v.

L. R. (Loren) GAJEWSKI, Appellant.

UNITED STATES of America and Wallace McKay, Revenue Agent, Internal Revenue Service, Appellees,

v.

Mervin GAJEWSKI, Appellant.

Nos. 19651, 19652.

United States Court of Appeals
Eighth Circuit.

Dec. 29, 1969.

Rehearings Denied Jan. 21, 1970.

L. R. Gajewski and Mervin Gajewski, Alexander, N. D., for appellants.

Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Joseph M. Howard and John M. Brant, Attys., Dept. of Justice, Washington, D. C., and Eugene K. Anthony, U. S. Atty., Fargo, N. D., for appellees.

Before VAN OOSTERHOUT, Chief Judge, and MATTHES and HEANEY, Circuit Judges.

MATTHES, Circuit Judge.

These cases emanate from a controversy between L. R. (Loren) and Mervin Gajewski, brothers and farmers in North Dakota, and the United States Government over the income tax liability of the Gajewskis for the taxable years 1960–1966.[1]

Specifically, Loren and Mervin Gajewski have appealed from the orders, identical in form and substance, of the United States District Court entered on September 30, 1964, pursuant to Int. Rev.Code of 1964, § 7604(b), directing them to comply with and obey all the provisions of the Internal Revenue summonses previously issued and served upon appellants under the authority of Int.Rev.Code of 1964, § 7602. A chronology of the proceedings will serve to place the question presented for decision in proper perspective.

Appellants filed no Federal income tax returns for the years 1960 and 1961. For the years 1962, 1963, 1964 and 1965, each filed a typewritten statement for each year. The statements are identical. The one filed by Loren R. Gajewski for the year 1962 is typical:

"Net income: $ none, the weight of which are established according to the provisions of 31 U.S.C. 811 and no income in a form of money either convertible to such dollars or maintained at a parity of value with such dollars

1. The Gajewski brothers are no strangers to the Federal courts. See Gajewski v. United States, 321 F.2d 261 (8th Cir. 1963), cert. denied, 375 U.S. 968, 84 S.Ct. 486, 11 L.Ed.2d 416 (1964); Gajewski v. United States, 327 F.2d 239 (8th Cir. 1964); Gajewski v. Stevens, 346 F.2d 1000 (8th Cir. 1965); Gajewski v. United States, 368 F.2d 533 (8th Cir. 1966), cert. denied, 386 U.S. 913, 87 S.Ct. 865, 17 L.Ed.2d 786 (1967); Gajewski v. United States Commissioner of Internal Revenue, 265 F.Supp. 129 (D. N.D.1967).

according to the provisions of 31 U.S. C. 314.

I declare under the penalties of perjury that this return has been examined by me and to the best of my knowledge and belief is true and correct.

L. R. Gajewski [signature] 12/24/1965."

For the year 1966, the appellants filed separate personal income tax forms 1040. The only information contained thereon was the name, address, and Social Security number of the Gajewskis. These forms were purportedly signed on January 16, 1967. Attached to each was a typewritten statement as follows:

"During the calendar year of 1966 I received as income no Dollars the weight of which were established according to the provisions of 31 U.S.C. 821 and no income in any form of money either convertible to such Dollars or in any form of money maintained at a parity of value with such Dollars according to the provisions of 31 U.S.C. 314." [2]

Under date of December 8, 1967, an agent of the Internal Revenue Service prepared and issued two summonses, one directed to each of the appellants and commanding them to appear at the Internal Revenue office in the Post Office Building, Williston, North Dakota, on the 5th day of January, 1968, and to produce for examination certain described records. Personal service of the summons on each of the appellants was made on December 8, 1967; however, neither of the appellants appeared before the revenue agent on January 5, 1968 or at any time thereafter.

On February 8, 1968, petitions to enforce the Internal Revenue summonses were filed in the United States District Court for the District of North Dakota. Pursuant thereto the district court, on June 3, 1968, issued an order to show cause which directed the appellants to appear before the court on the second day of July 1968, and show cause why they should not be compelled to obey the Internal Revenue summonses theretofore served upon them. The order to show cause, with a copy of the petition to enforce, copy of the Internal Revenue summonses, copy of certificate of service of summons with the list of records desired, and copy of an affidavit of the Internal Revenue agent, were served upon appellants on the 7th day of June, 1968.

Appellants appeared in the district court on July 2. As in prior litigation, they were without counsel and informed the court that they would represent themselves. The two proceedings were, by consent, consolidated. An extensive hearing was conducted before the court, at the outset of which counsel for the government assured the court that the production of the records sought would not be used for criminal prosecutions against appellants for failing to file income tax returns for 1960 and 1961 and for filing false returns for the other years; that the sole purpose of the proceedings was to enable the Internal Revenue Service to determine the civil tax liability of appellants.

On September 30, 1968, after considering briefs filed by the parties, the district court issued the orders appealed from, one to L. R. (Loren) Gajewski, the other to Mervin Gajewski. The orders directed them to comply with the Internal Revenue summonses served upon them on December 8, 1967, and to appear before the court, rather than the revenue agent, in Bismarck, North Dakota, on October 15, 1968, for further proceedings. After motions for relief and supporting papers were filed and denied, these appeals were taken and perfected.

The question at issue is whether, as contended by appellants, the district court was without jurisdiction to proceed against them because the enforce-

---

2. It is apparent from the record that the underlying reason for appellants' failure to report any income is their dissatisfaction with the monetary system of the United States.

ment proceedings were not commenced by the filing of a complaint in accordance with Rule 3, Fed.R.Civ.P., and that summons was not issued and served upon them as authorized by Rule 4.

We disagree with appellants' position and affirm.

It is important to observe at the outset that the appellants do not challenge the power of the United States District Courts to exercise the authority vested in such courts by Int.Rev.Code of 1954, § 7604(a). That is to say, they do not contend that in a proper proceeding the Federal district courts do not have the power to enforce summonses issued by the Secretary of the Treasury or his delegate. That the district courts are vested with such subject matter jurisdiction has long been recognized and is implicit in United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), and Daly v. United States, 393 F.2d 873 (8th Cir. 1968), the two cases relied upon by appellants in support of their claim that the court did not have jurisdiction over their persons.

■ If there were any imperfections or irregularities in the procedure pursued in instituting the enforcement proceedings and the ensuing notices to appellants, we believe that appellants waived the same. Rule 12(h), Fed.R. Civ.P., provides that a party waives all defenses and objections which he fails to present either by motion, answer or other response, except for certain enumerated defenses not material here. Appellants did not by motion or responsive pleading assert, prior to the show cause hearing on July 2, 1968, that the district court lacked in personam jurisdiction. Neither did they so contend at any stage of the hearing itself. Quite to the contrary, they participated fully in the extensive hearing. With the complete concurrence of his brother, L. R. (Loren) Gajewski testified, introduced into evidence certain exhibits, and cross-examined the government's witness—the Internal Revenue agent—for the avowed purpose of showing that there was no basis in fact or law for the IRS claim of

tax liability for the years in question; hence, production of the desired books and records would purportedly be irrelevant. Following entry by the district court of the compliance order of September 30, appellants filed a written motion on October 7, pursuant to Rule 60(b), Fed.R.Civ.P., seeking relief from that order and urging in essence the same points advanced in the show cause hearing. The motion was denied the same day. In a second motion for relief from the compliance order, filed on October 10, the appellants, *for the first time*, raised the jurisdictional question which forms the substance of this appeal. Having failed to challenge the court's in personam jurisdiction until after the hearing and entry of order, the appellants must be deemed to have waived their objection. See Bethlehem Steel Corp. v. Devers, 389 F.2d 44, 46 (4th Cir. 1968); United States v. Article of Drug, 362 F.2d 923, 926–927 (3d Cir. 1966); Bavouset v. Shaw's of San Francisco, 43 F.R.D. 296 (S.D.Tex.1967); O'Connor v. Western Freight Ass'n, 202 F.Supp. 561, 564–565 (S.D.N.Y.1962); 1A Barron & Holtzoff, Federal Practice and Procedure § 370, at 509–10 (1960).

■ Considering, however, that the appellants are laymen not versed in the technical requirements of the rules of procedure, we decline to rest our decision on the waiver issue and go to the merits of the question whether the court lacked personal jurisdiction.

United States v. Powell, *supra*, holds that before enforcement is ordered by the district court the taxpayer is entitled to an adversary hearing. 379 U.S. at 58, 85 S.Ct. 248. We so held in Daly v. United States, *supra*, 393 F.2d at 875. Although unnecessary, in our view, to a decision on the issue presented in the *Powell* case, the Supreme Court stated in a footnote that, "Because § 7604(a) contains no provision specifying the procedure to be followed in invoking the court's jurisdiction, the Federal Rules of Civil Procedure apply * * *. The proceedings are instituted by filing a complaint, followed by answer and hear-

ing." 379 U.S. at 58 n. 18, 85 S.Ct. at 255. And in *Daly* we stated by way of a caveat that it might be desirable in future compliance proceedings to adhere to Rules 3 and 4, Fed.R.Civ.P.[3] 393 F.2 at 876. See United States v. McKay, 372 F.2d 174, 175 (5th Cir. 1967).

The claim of lack of jurisdiction urged upon us by appellants has been considered and rejected by other courts in post-*Powell* decisions. See Venn v. United States, 400 F.2d 207, 212 n.12 (5th Cir. 1968); Wild v. United States, 362 F.2d 206, 209 (9th Cir. 1966); McGarry's, Inc. v. Rose, 344 F.2d 416, 418 (1st Cir. 1965). We, like the First Circuit in *Rose, supra,* believe that "[a] reading of the opinion in United States v. Powell, supra, leaves no doubt that the thrust thereof is to insure that a taxpayer obtain an adversary-type hearing in the district court prior to his being forced to comply with an administrative summons which he challenges in good faith." 344 F.2d at 418. That conclusion is implicit in our opinion in Daly v. United States, *supra,* notwithstanding our suggestion in regard to compliance with Rules 3 and 4, Fed.R. Civ.P.

The procedure followed here fully comports with the basic and essential requirements laid down by the Supreme Court in *Powell.* The show cause order and attached papers fully apprised appellants of the nature and purpose of the enforcement proceeding; service was personally obtained upon them 25 days before the return date; they appeared voluntarily; a meaningful adversary hearing was held by the district court in which appellants actively participated. In sum, appellants have wholly failed to demonstrate that their rights have been jeopardized or prejudiced in any way. Under the court's order the hearing that will eventually be conducted will be presided over by the court, and will not in the first instance be conducted by a representative of the Internal Revenue

Service as in *Daly, supra.* We are satisfied that all of appellants' constitutional rights will be carefully protected and safeguarded at such hearing.

The orders appealed from are in all respects affirmed.

---

3. *Daly* was decided after the institution of this proceeding but prior to the district court's show cause order.