**UNITED STATES of America and Joel Cohen, Revenue Officer of the Internal Revenue Service, Plaintiffs-Appellants,**

v.

**Zulema BICHARA, Defendant-Appellee.**

No. 87–5038
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Sept. 8, 1987.

---

Leon B. Kellner, U.S. Atty., David De-Maio, Asst. U.S. Atty., Miami, Fla., Michael L. Paup, Roger M. Olsen, Charles E. Brookhart, Patricia M. Bowman, U.S. Dept. of Justice, Washington, D.C., for plaintiffs-appellants.

Before FAY, ANDERSON and EDMONDSON, Circuit Judges.

PER CURIAM:

The district court found that service of an Internal Revenue Service ("IRS") summons by leaving it at appellee Bichara's "last and usual place of abode" violated the minimum due process requirements of the Constitution and consequently that the government's petition to enforce the summons should be dismissed. Because this determination was erroneous, we reverse.

Joel Cohen, a revenue officer for the IRS, was conducting an investigation into the tax liabilities of Zulema Bichara. Pursuant to § 7602 of the Code, 26 U.S.C. § 7602, Cohen issued a summons to Bichara directing that she appear before him to testify and to produce documents regarding her possible tax liability. Cohen served this summons by leaving it at Bichara's "last and usual place of abode," a manner expressly permitted by § 7603 of the Code, 26 U.S.C. § 7603. When serving this summons at Bichara's house, the record reflects that Cohen did not place it in the hands of Bichara or a surrogate for her; rather, he simply left it at the house.

When Bichara did not respond to this summons, the government sought a petition in the district court seeking to enforce the summons. The government thus asked the court to order Bichara to show cause why she should not comply with the summons and to direct her to appear before Cohen to give testimony and produce documents responsive to the summons.

The district court on its own motion and before any response was filed by Bichara denied enforcement. The district court determined that "merely depositing the summons at a residence, fails to comport with

due process of law within the meaning of the Fifth Amendment." The court reasoned that while § 7603 of the Code does provide for service by leaving the summons at the " 'last and usual place of abode,' then the words 'with some person of suitable age and discretion' should be read into the statute ... in order to comport with due process of law...." Record on Appeal, vol. 1, Tab 3 at 2, 4. The government appeals from this decision.

■■■ The district court has misconceived the nature of an IRS summons. The purpose of the summons is "not to accuse, but to inquire." *United States v. Bisceglia,* 420 U.S. 141, 146, 95 S.Ct. 915, 919, 43 L.Ed.2d 88 (1975). The IRS' summons power is broad and expansive; restrictions upon it should be avoided absent unambiguous direction from Congress. *Tiffany Fine Arts, Inc. v. United States,* 469 U.S. 310, 105 S.Ct. 725, 730, 83 L.Ed.2d 678 (1985). Section 7603 is an unambiguous authorization which permits the IRS to serve a summons by leaving it at the taxpayer's last and usual place of abode. The statute contains no requirement that the summons be deposited with a competent person and we see no reason to read such a requirement into the Code.

We understand the district court's hesitancy in this regard. A serious concern would arise if an IRS summons which was not delivered to a competent person or to the taxpayer herself could, nonetheless, result in a default judgment against the taxpayer and, thereafter, contempt proceedings. However, the district court's concern stems from a misunderstanding of the nature of a tax summons. Before the government may enforce the summons, it must make a preliminary showing that the summons was issued for a legitimate purpose, that the information sought is relevant to that purpose, that the information sought is not already within the Commissioner's possession, and that the appropriate administrative steps have been followed. *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964); *United States v. Centennial Builders, Inc.,* 747 F.2d 678, 680 (11th Cir.

1984). Thus, prior to any formal enforcement of the summons and contempt proceedings against her, Bichara is entitled to " 'an adversary proceeding affording a judicial determination of the challenges to the summons and giving complete protection to the [taxpayer]. In such a proceeding only a refusal to comply with an order of the district court subjects the [taxpayer] to contempt proceedings.' " *Donaldson v. United States,* 400 U.S. 517, 524, 91 S.Ct. 534, 539, 27 L.Ed.2d 580 (1971) (quoting *Reisman v. Caplin,* 375 U.S. 440, 446, 84 S.Ct. 508, 512, 11 L.Ed.2d 459 (1964)).

■■■ Consequently, the proper course for the district court to have followed in this case is as follows: Upon a preliminary showing by the IRS the court should have issued a show cause order to Bichara ordering her to appear and show cause why the summons should not be enforced. The district court could then acquire personal jurisdiction over Bichara by the service of the show cause order and the petition for enforcement of the summons. *United States v. Miller,* 609 F.2d 336, 338 (8th Cir.1979). This service must be made in compliance with Rule 4 of the Federal Rules of Civil Procedure, since the Rules of Civil Procedure apply to summons enforcement proceedings. *Donaldson,* 400 U.S. at 528–29, 91 S.Ct. at 541–42. Since there has not been, and likely could not be, any suggestion that the Rules of Civil Procedure do not, themselves, comport with the minimum requirements of constitutional due process, we need not address that issue. Thus, the proper manner to test the enforceability of the IRS summons is through an adversary proceeding initiated by the service of process.

For the foregoing reasons, the decision of the district court is vacated and the case is remanded to that court for proceedings not inconsistent with this opinion.

VACATED and REMANDED.