UNITED STATES of America,
Petitioner–Appellant,

v.

Robert T. GILLERAN, Respondent–
Appellee.

No. 91–56254.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 5, 1993.

Decided April 27, 1993.

Patricia M. Bowman, Tax Div., U.S. Dept. of Justice, Washington, DC, for petitioner-appellant.

Robert T. Gilleran, in pro. per.

Before: FARRIS, NORRIS, and REINHARDT, Circuit Judges.

FARRIS, Circuit Judge:

## OVERVIEW

The Internal Revenue Service appeals from the district court's order denying its petition to enforce a summons directing Robert T. Gilleran to appear before an IRS revenue agent, pursuant to I.R.C. § 7602, in connection with the IRS's investigation of Gilleran's tax liability for 1987 and 1988. We reverse and remand.

## DISCUSSION

The district court held that service of an IRS summons by leaving it at the taxpayer's last and usual place of abode violates the Due Process Clause, unless it is also mailed to the taxpayer at said abode. The district court erred.

■ The Internal Revenue Code unambiguously authorizes the IRS to serve a summons by leaving it at the taxpayer's last and usual place of abode, with no requirement that the summons also be mailed to the taxpayer or deposited with a competent person. 26 U.S.C. § 7603. An IRS summons, however, is not self-enforcing. *United States v. Samuels, Kramer & Co.,* 712 F.2d 1342, 1344 (9th Cir.1983). The IRS must seek enforcement from a federal district court. *Id.*

■ To obtain enforcement of the summons, the IRS must first establish its "good faith" by showing: 1) that the summons was issued for a legitimate purpose; 2) that the information sought is relevant to that purpose; 3) that the information sought is not already within the IRS's possession; and 4) that the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964). A prima facie case of good faith typically is made through the introduction of the sworn declaration of the revenue agent who issued the summons. *Samuels, Kramer & Co.,* 712 F.2d at 1345.

■ Once the IRS has established its good faith, the district court issues an order requiring the taxpayer to show cause, at an enforcement hearing, why the summons should not be enforced. *Id.* The district court acquires personal jurisdiction over the taxpayer by service of the show cause order and the petition for enforcement of the summons. *United States v. Bichara,* 826 F.2d 1037, 1039 (11th Cir.1987). Service must be made in compliance with Rule 4 of the Federal Rules of Civil Procedure. *Donaldson v. United States,* 400 U.S. 517, 528–29, 91 S.Ct. 534, 541, 27 L.Ed.2d 580 (1971).

■ At the enforcement hearing, an adversary proceeding, the taxpayer may challenge the summons on any appropriate ground. *United States v. Church of Scientology,* 520 F.2d 818, 821 (9th Cir.1975). The taxpayer may challenge and attempt to rebut the *prima facie* case of good faith the government has established or attempt to show that enforcement of the summons would otherwise constitute an abuse of the court's process. *See Samuels, Kramer & Co.,* 712 F.2d at 1345. Only a refusal to comply with an order of the district court subjects the taxpayer to contempt proceedings. *Donaldson,* 400 U.S. at 524, 91 S.Ct. at 539. Thus, the issuance of the order to show cause does not put the taxpayer in any worse position than he would have been in had he received the original summons. The taxpayer therefore has no liberty or property interest pro-

tectable by due process prior to the enforcement of the summons. *See Phillips v. Commissioner,* 283 U.S. 589, 596–97, 51 S.Ct. 608, 611, 75 L.Ed. 1289 (1931) (due process is not denied when there is an adequate opportunity for a later determination of legal rights); *Vanelli v. Reynolds Sch. Dist. No. 7,* 667 F.2d 773, 777 (9th Cir.1982) ("procedural due process applies when a constitutionally protected liberty or property interest is at stake"). "[T]he proper manner to test the enforceability of the IRS summons is through an adversary proceeding initiated by the service of process." *Bichara,* 826 F.2d at 1039 (holding that due process does not require that IRS summons be deposited with competent person).

The sworn declaration by Revenue Agent Bowman satisfied the government's "minimal" showing that the good-faith requirement had been met. *See United States v. Abrahams,* 905 F.2d 1276, 1280 (9th Cir. 1990). The district court should have issued a show cause order to Gilleran ordering him to appear and show cause why the summons should not be enforced.

**REVERSED** and **REMANDED** with instructions to reinstate the IRS's action to enforce the summons.