78 F.3d 598
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Internal Revenue Service, Applicant-Appellee,
v.
Michael C. CELENZE, Respondent-Appellant.
 No. 95-2116.
(D.C.No. 95-10-LH)
 United States Court of Appeals, Tenth Circuit.
 March 6, 1996.
 
 Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.
 ORDER AND JUDGMENT[1]
 DEANELL REECE TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Respondent-appellant Michael C. Celenze appeals from the district court's order requiring him to comply with an Internal Revenue Service (IRS) summons. We affirm.
 
 
 3
 The IRS issued its summons to Celenze on September 26, 1994. An IRS employee testified that on that date she left an attested copy of the summons at Celenze's "last and usual place of abode." R. Vol. I, doc. 1, ex. B at 2. Celenze did not appear at the IRS offices on October 11, 1994, as directed in the summons. Instead, he mailed back the summons to the IRS, together with a letter indicating his intention not to comply. The government then filed this enforcement action.
 
 
 4
 Celenze argues that the provision in 26 U.S.C. 7603 for leaving a summons at the taxpayer's last known place of abode provided him with unconstitutionally inadequate notice of the proceeding against him. We agree with the Eleventh Circuit that the statutory procedure for enforcement of a 7603 summons provides the taxpayer with adequate due process. United States v. Bichara, 826 F.2d 1037, 1039 (11th Cir.1987); see also United States v. Gilleran, 992 F.2d 232, 233-34 (9th Cir.1993). Celenze had actual notice of the summons, was personally served in the enforcement proceeding, and appeared at the hearing set by the district court. He has shown no violation of due process under these circumstances.
 
 
 5
 Celenze also argues that the district court erred in failing to make a finding that the information sought was not already in the government's possession. The government made out a prima facie case for enforcement with the affidavit of Revenue Officer Jackie Sena. This affidavit included an allegation that "[t]he information sought by the summons is not in the possession of the affiant." R. Vol. I, doc 1, ex. B at 2. Celenze failed to meet his heavy burden of rebutting this prima facie case by factually opposing the government's allegations through an appropriate affidavit. See United States v. Balanced Fin. Management, Inc., 769 F.2d 1440, 1443-44 (10th Cir.1985) (discussing burden-shifting analysis applied to summons enforcement procedures). The government is, therefore, entitled to enforcement.
 
 
 6
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3