[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 2, 2008
THOMAS K. KAHN
CLERK

————————————————

No. 07-11424

————————————————

D. C. Docket No. 06-61617-MC-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY J. ELMES,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

**(July 2, 2008)**

Before ANDERSON, HULL and SILER,* Circuit Judges.

SILER, Circuit Judge:

————————————————

*The Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit,
sitting by designation.

Timothy Elmes failed to appear in response to an IRS summons, and the government filed a petition in the United States District Court to enforce the summons. The district court issued an order to show cause why the petition should not be granted. Elmes responded by filing a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and improper service of process. He claims the district court lacked personal jurisdiction because he was not served with a court-issued summons pursuant to Rule 4. The district court denied Elmes's motion to dismiss and granted the government's petition to enforce. On appeal, Elmes argues the district court (1) lacked personal jurisdiction over him and (2) violated his right to due process by failing to grant him additional time to respond to the government's petition after denying his Rule 12(b) motion.

Because Rule 81(a)(3) permits a district court to modify the application of the civil rules in a subpoena-enforcement proceeding, we affirm the district court's exercise of personal jurisdiction in this case. We likewise affirm the district court's denial of Elmes's request for additional time to respond after the denial of his motion to dismiss.

**BACKGROUND**

IRS Revenue Agent James Keelan conducted an investigation of Elmes's tax liability for taxable years 2002, 2003, and 2004. On March 20, 2006, Keelan issued an IRS summons ordering Timothy Elmes to appear on April 13, 2006 at an address in the U.S. Virgin Islands, based on Elmes's claim of residency there, to produce books and records relating to those taxable years. Keelan effected service by personally handing a copy of the summons to Elmes. Elmes failed to appear pursuant to the summons.

On October 25, 2006, the government filed a petition to enforce the IRS summons. On December 6, 2006, the district court issued an order to show cause why the petition should not be granted. The district court scheduled a hearing for February 6, 2007 before a magistrate judge to address any issues raised by Elmes. The order gave Elmes twenty days to file a written response supported by affidavits and to file any motions. The order stated:

> All motions and issues raised by [Elmes] in response to the Petition will be considered on the date set forth above for the hearing. Only those issues raised by motion or brought into controversy by the response and supported by affidavit will be considered at the time of the hearing, and any uncontested allegations of the Petition will be deemed admitted.

The order gave the following direction regarding how it should be served: "[W]ithin five (5) days from the date of this Order[,] the United States Marshal, his deputy, or an employee of the Internal Revenue Service shall serve a copy of this Order, together

3

with the Petition and exhibits attached thereto, upon [Elmes]." Within the five-day period, Keelan personally served Elmes with the show cause order, the petition, and the attached exhibits.

In response to the order, Elmes filed a motion to dismiss under Rule 12(b), alleging a lack of personal jurisdiction and improper service of process. Elmes claimed the district court lacked jurisdiction because he was not served with a court-issued summons as required by Rule 4. The government then filed a motion to strike Elmes's motion. Elmes responded with a motion to strike the government's motion, adding the allegation that Keelan was an interested party and therefore could not properly serve the order.[1] Elmes then sought relief from this court by filing a petition for a writ of prohibition and requesting a stay of the district court proceedings. This court denied both the stay and the writ, noting that "[a] writ of prohibition is not available in this case because an adequate alternative remedy exists in that Elmes can appear before the magistrate judge on February 6, 2007, and argue his [Rule] 12(b) motion to dismiss based on lack of personal jurisdiction." See In re Timothy J. Elmes, No. 07-10398-E, slip op. at 2 (11th Cir. Feb. 5, 2007).

On February 6, 2007, the magistrate judge held a hearing in accordance with the show cause order. Elmes appeared at the hearing without counsel and presented

---

[1]Elmes did not raise this issue on appeal.

4

the arguments raised in his pre-hearing motions. When the magistrate judge asked Elmes if he had any other objections, Elmes responded that he did not. The magistrate judge denied Elmes's motion to dismiss and issued a report and recommendation (R&R), concluding that the court had personal jurisdiction and the summons should be enforced. The magistrate judge reasoned that the show cause order "was essentially a court-issued summons in that it was signed by the District Judge presiding over this case and it notified Mr. Elmes of this action against him." United States v. Elmes, No. 06-61617-Civ., 2007 WL 521878, at *2 (S.D. Fla. Feb. 14, 2007). Elmes objected to the R&R, reiterating his previous arguments and claiming that after the denial of his motion to dismiss, he should be given additional time to respond.[2] Thereafter, the district court adopted the R&R and ordered Elmes to comply with the IRS summons within twenty days.

## DISCUSSION

We review de novo the district court's denial of a Rule 12(b) motion to dismiss for lack of personal jurisdiction or insufficient service of process. McGow v. McCurry, 412 F.3d 1207, 1214 (11th Cir. 2005) (personal jurisdiction); Prewitt

---

[2]The parties dispute whether these objections were timely. The district court states that it reviewed the filed objections before adopting the R&R, but the order adopting the R&R does not address Elmes's request for additional time. We assume arguendo that the objections were timely.

5

Enters., Inc. v. Org. of Petroleum Exporting Countries, 353 F.3d 916, 920 (11th Cir. 2003) (insufficient service). We review for clear error any factual findings regarding sufficiency of service. Prewitt, 353 F.3d at 920. We also review de novo the district court's interpretation of federal procedural rules. Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co., 279 F.3d 1306, 1308 (11th Cir. 2002).

## A. Personal Jurisdiction

Elmes argues that the district court lacked personal jurisdiction over him due to insufficient service of process. Elmes contends the government was required to serve him with a court-issued summons pursuant to Rule 4 of the Federal Rules of Civil Procedure. Rule 4 requires, among other things, that a summons be signed by the clerk of the court and bear the court's seal. Fed. R. Civ. P. 4(a)(1)(F), (G). Elmes also points to 28 U.S.C. § 1691 "to give a statutory conformation [sic] to the requirements of a summons in Rule 4."[3] Section 1691 states: "All writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof."

It is undisputed in this case that Elmes was not served with a standard, court-issued summons. Elmes focuses particularly on the government's failure to serve him

---

[3]The government argues that we should not consider whether it failed to comply with 28 U.S.C. § 1691 because Elmes raised the issue for the first time on appeal. Elmes responds that he cited the statute merely to support his rule-based argument.

with a document containing the signature of the clerk and seal of the court.  The government argues that it was sufficient to serve Elmes with the order to show cause, which was signed by the district judge presiding over the case.  The district court agreed with the government's interpretation and held the show cause order "was essentially a court-issued summons in that it was signed by the District Judge presiding over this case and it notified Mr. Elmes of this action against him."

On appeal, the government's initial brief argues that service of the show cause order was sufficient pursuant to Rule 81(a)(3),[4] which permits district courts to alter the application of the rules of civil procedure in subpoena-enforcement proceedings. Rule 81(a)(3) provides in relevant part:

> [The Federal Rules of Civil Procedure] apply to proceedings to compel the giving of testimony or production of documents in accordance with a subpoena issued by an officer or agency of the United States under any statute of the United States except as otherwise provided by statute or by rules of the district court or by order of the court in the proceedings.

(emphasis added).  This court has described the scope of Rule 81(a)(3) in broad terms, saying that its effect is to "make application of the rules of civil procedure in subpoena enforcement proceedings discretionary with the district court."  United

---

[4]Under the current version of Rule 81, effective as of December 2007, the relevant subsection is (a)(5).  The language of the provision was slightly altered by the 2007 Amendments to the Civil Rules, but there has been no substantive change to the rule.  See Commentary to 2007 Amendments ("These changes are intended to be stylistic only.").

States v. Se. First Nat'l Bank of Miami Springs, 655 F.2d 661, 663 (5th Cir. Unit B Sept. 1981).[5]  Although the government did not present this argument before the district court, we are free to affirm the district court's decision on any ground that is supported by the record.  Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1059 (11th Cir. 2007).

In Donaldson v. United States, the Supreme Court explained that the civil rules apply to an IRS summons proceeding, but they do not apply inflexibly.  400 U.S. 517, 528, 91 S. Ct. 534, 541 (1971).  Rather, "a district court, by local rule or by order, may limit the application of the rules in a summons proceeding . . . so long as the rights of the party summoned are protected and an adversary hearing, if requested, is made available."  Id. at 528-29, 91 S. Ct. at 541.  The Court in Donaldson approved limiting the application of Rule 24(a)(2), governing intervention as of right, in a tax summons case.  Id.  Subsequent cases have approved other limitations of the civil rules in IRS summons-enforcement cases.  See, e.g., United States v. McCoy, 954 F.2d 1000, 1003-04 (5th Cir. 1992) (holding district court had discretion to modify the three-day notice requirement for default judgment by giving notice in a show cause order); United States v. Vetco, Inc., 691 F.2d 1281, 1285 (9th Cir. 1981)

---

[5]The Eleventh Circuit adopted the case law of the former Fifth Circuit, handed down as of September 30, 1981, as its governing body of precedent in Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc).

(holding district court need not make findings and conclusions as required by Rule 52(a) because under Rule 81(a)(3) that requirement could be modified by issuing an order).

In United States v. Miller, the Eighth Circuit held under similar facts that a district court properly asserted personal jurisdiction based upon service of a show cause order and petition. 609 F.2d 336, 338 (8th Cir. 1979). As in this case, Miller failed to comply with an IRS summons, and the government filed a petition to enforce the summons. Miller was served with a show cause order and the petition, and he asserted that the government had failed to comply with Rules 3 and 4. Id. at 337. The Eighth Circuit provided little explanation of its rationale in Miller; instead, the court cited Donaldson and its earlier decision in United States v. Gajewski, 419 F.2d 1088, 1092 (8th Cir. 1969).

In Gajewski, the appellants failed to appear in response to IRS summonses, and the government filed petitions to enforce. 419 F.2d at 1090. On appeal, they asserted that the district court was without jurisdiction because the government did not comply with Rules 3 and 4. Id. at 1090-91. The court noted that they likely waived any objections to personal jurisdiction by appearing before the district court and failing to raise such objections at that time. Id. at 1091. However, the court went on to address the merits of their jurisdictional argument because the appellants were laymen

who appeared before the district court pro se.  Id. at 1090-91.  The Eighth Circuit ruled that the appellants "wholly failed to demonstrate that their rights have been jeopardized or prejudiced in any way."  Id. at 1092.  In holding that jurisdiction was properly obtained, the court noted:

> The show cause order and attached papers fully apprised appellants of the nature and purpose of the enforcement proceeding; service was personally obtained upon them . . . ; they appeared voluntarily; [and] a meaningful adversary hearing was held by the district court in which appellants actively participated.

Id.  All of those procedures also occurred in this case, with the exception that Elmes appeared voluntarily only for the purpose of contesting jurisdiction.

The Eleventh Circuit has previously addressed the proper course of the proceedings in summons-enforcement cases.  See United States v. Bichara, 826 F.2d 1037 (11th Cir. 1987).  In Bichara, this court explained that the government must make a "preliminary showing" before it may obtain enforcement of the summons; the government must show "that the summons was issued for a legitimate purpose, that the information sought is relevant to that purpose, that the information sought is not already within the Commissioner's possession, and that the appropriate administrative steps have been followed."  Id. at 1039 (citing United States v. Powell, 379 U.S. 48,

57-58, 85 S. Ct. 248, 254-55 (1964)).[6] Then, the taxpayer is entitled to an adversary

proceeding that will determine any challenges to enforcement of the summons. Id.

This court, citing Miller and Donaldson, provided the following guidance regarding

the initiation of such an adversary proceeding:

> Upon a preliminary showing by the IRS the court should have issued a show cause order to [the taxpayer] ordering her to appear and show cause why the summons should not be enforced. The district court could then acquire personal jurisdiction over [the taxpayer] by the service of the show cause order and the petition for enforcement of the summons. This service must be made in compliance with Rule 4 of the Federal Rules of Civil Procedure . . . .

Id. (citations omitted). In this context, the reference to Rule 4 incorporates the

provisions regarding how service is to be effected, e.g., by whom service may be

effected and how service may be effected on particular persons. At least two other

circuits have approvingly cited Bichara for the proposition that a district court

acquires personal jurisdiction over a taxpayer in a summons-enforcement proceeding

by service upon him of the show cause order and petition for enforcement. United

States v. Gardell, 23 F.3d 395 (Table), 1994 WL 170797, at *1 (1st Cir. 1994); United

States v. Gilleran, 992 F.2d 232, 233 (9th Cir. 1993).

---

[6]Elmes did not appeal whether the government met its burden of establishing the Powell requirements.

Elmes argues that <u>Miller</u> and its progeny, including <u>Bichara</u>, were wrongly decided based on Supreme Court precedent. To begin, Elmes cites <u>Mississippi Publishing Corp. v. Murphree</u>, 326 U.S. 438, 444-45, 66 S. Ct. 242, 246 (1946), which stated that "the service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." More recently, the Supreme Court stated that "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." <u>Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.</u>, 484 U.S. 97, 104, 108 S. Ct. 404, 409 (1987); <u>see also</u> <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 350, 119 S. Ct. 1322, 1327 (1999) ("[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend."); <u>Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries</u>, 353 F.3d 916, 924-25 (11th Cir. 2003) (citing <u>Murphy Bros.</u>). However, none of these Supreme Court cases involved subpoena-enforcement proceedings.

Elmes next asserts that <u>Miller</u> and <u>Bichara</u> have been "corrected" by the 1993 Revisions to the Federal Rules of Civil Procedure. Prior to the 1993 Revisions, Rule 4 was entitled "Process" and governed "service of not only the summons but also

12

other process." Advisory Committee Notes to Rule 4. The revised Rule 4 addresses only service of the summons. The Advisory Committee Notes to revised Rule 4 provide that "[u]nless service of the summons is waived, a summons must be served whenever a person is joined as a party against whom a claim is made."[7] Id. The 1993 Revisions also created Rule 4.1, which governs service of process other than a summons or subpoena. According to the Advisory Committee Notes, the purpose of Rule 4.1 "is to separate those few provisions of the former Rule 4 bearing on matters other than service of a summons to allow greater textual clarity in Rule 4." The Committee Notes to Rule 4.1 expressly distinguish between the procedure required for service of process and service of an order:

> Service of process is not required to notify a party of a decree or injunction, or of an order that the party show cause why that party should not be held in contempt of such an order. With respect to a party who <u>has once been served with a summons</u>, the service of the decree or injunction itself or of an order to show cause can be made pursuant to Rule 5. Thus, for example, an injunction may be served on a party through that person's attorney. The same is true for an order to show cause.

(emphasis added) (case citations omitted). This comment indicates that a party should be served with a summons before service of an order can be made pursuant to

---

[7]"Although not binding, the interpretations in the Advisory Committee Notes 'are nearly universally accorded great weight in interpreting federal rules.'" Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005).

13

Rule 5, which governs service of orders, motions, notices, pleadings, and similar documents. In this case, Elmes was personally served with an IRS summons prior to the initiation of these proceedings; he was then served with an order to show cause issued by the district court.

The key question is whether Rule 81 permits the district court to modify, by order, the application of Rule 4 in the instant proceedings. Under Rule 81, the district court is plainly authorized to be flexible in its application of the civil rules in summons-enforcement proceedings. See Donaldson, 400 U.S. at 528-29, 91 S. Ct. at 541. The 1993 Revisions did not alter Rule 81. In the wake of Donaldson, courts have found IRS summons-enforcement proceedings "most appropriate . . . for streamlined procedures." McCoy, 954 F.2d at 1004. This is because such proceedings are "designed for the limited purpose of compelling a taxpayer to comply with a summons previously issued by the IRS." Id. Elmes had already been served with an IRS summons, so he was apprised of the possibility that an action would later be initiated to enforce that summons. Under these circumstances, personal service of the district court's order to show cause and the petition to enforce was adequate to notify Elmes of the proceedings against him, and his rights were protected by the availability of an adversary hearing. Because Elmes's rights were adequately protected, the district court was free to modify the required procedure under Rule

14

81(a)(3) by directing service upon Elmes of only the show cause order and the petition.

In sum, we uphold the use of the procedure described by this court in <u>Bichara</u>, 826 F.2d at 1039, to obtain personal jurisdiction over a defendant in a proceeding to enforce an IRS summons.

## B.  Time to Respond

Because we hold that the district court properly obtained personal jurisdiction over Elmes, we must also address Elmes's request for additional time to respond. Elmes asks this court to remand the case and instruct the district court to allow him additional time to answer the government's petition. Elmes argues that he was denied due process because the district court did not allow him additional time to respond after the denial of his Rule 12(b) motion to dismiss.  While Rule 12 generally provides a defendant twenty days to respond to a complaint, <u>see</u> Fed. R. Civ. P. 12(a)(1), Rule 12(a)(4) provides in relevant part:

> <u>Unless a different time is fixed by court order</u>, the service of a motion permitted under this rule alters these periods of time as follows:  (A) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action . . . .[8]

---

[8]The language of this provision was also altered by the 2007 Amendments to the Civil Rules, but, again, the alterations were not substantive.

(emphasis added). Elmes argues based on this provision that, after the district court denied his Rule 12(b) motion to dismiss, he was entitled to an additional ten days to file an answer in response to the government's petition to enforce. However, the plain language of Rule 12(a)(4) specifies that the district court may alter by order the specified time period for a party to file a responsive pleading. In this case, the district court's order to show cause stated: "All motions and issues raised by [Elmes] in response to the Petition will be considered on the date set forth above for the hearing. Only those issues raised by motion or brought into controversy by the response and supported by affidavit will be considered at the time of the hearing." Thus, the order informed Elmes that he should raise any issues prior to the hearing, and it gave Elmes the standard twenty days to file his written response.

In a similar case, relying on Rule 81(a)(3), this court found it acceptable to give a taxpayer fourteen days, rather than the twenty days required by Rule 12, to answer an IRS petition to enforce a summons. United States v. Se. First Nat'l Bank of Miami Springs, 655 F.2d 661, 663 (5th Cir. Unit B Sept. 1981) ("The effect of [Rule 81(a)(3)] is to make application of the rules of civil procedure in subpoena enforcement proceedings discretionary with the district court."). In that case, it was evident that the taxpayer had ample time to respond to the petition and therefore "failed to demonstrate any prejudice." Id. Here, we need not turn to Rule 81 to

16

resolve the case because Rule 12(a)(4) itself states that the district court may establish an alternate time by court order.

Elmes argues that he was prejudiced by the district court's action here because he was operating under the assumption that he would receive additional time to respond under Rule 12(a), if the district court denied his motion to dismiss. However, the order to show cause directed Elmes to raise all of his issues prior to the hearing and directed that all issues would be decided at the hearing. Elmes had twenty days to respond to the order and raise any arguments against enforcement of the IRS summons. He also had the opportunity to raise additional objections at the hearing but declined to do so.

Because Elmes had adequate opportunity to present arguments against the enforcement of the IRS summons, he was not prejudiced by the district court's denial of additional time to respond. A summons-enforcement proceeding is designed to be summary in nature. See Donaldson, 400 U.S. at 529, 91 S. Ct. at 541. Therefore, it was appropriate for the district court to deny Elmes additional time to respond after the denial of his motion to dismiss.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's exercise of personal jurisdiction over Elmes and the district court's denial of Elmes's request for additional time to respond.

**AFFIRMED.**