[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12813
Non-Argument Calendar

_____

D.C. Docket No. 8:10-cv-02606-JSM-AEP

| FILED |
| U.S. COURT OF APPEALS |
| ELEVENTH CIRCUIT |
| NOVEMBER 4, 2011 |
| JOHN LEY |
| CLERK |


TIMOTHY R. MYERS,

Plaintiff - Appellant,

versus

MO & COMPANY, INC.,
a Florida corporation,
d.b.a. Tops Barber Shop,
BULLARD PARKWAY PROPERTIES, LLC,
a Florida limited liability company,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 4, 2011)

Before CARNES, WILSON, and BLACK, Circuit Judges.

PER CURIAM:

Timothy Myers appeals a district court order reducing the amount of attorney's fees stipulated in a settlement agreement resolving his Americans with Disabilities Act claim against MO & Company, Inc. Myers contends that the district court lacked jurisdiction to alter the private settlement agreement.

## I.

Myers, who uses a wheelchair, sued MO & Company, alleging that its barbershop was in violation of the ADA. Myers sought declaratory and injunctive relief to order MO & Company to make its facilities accessible and usable by persons with disabilities.

During the discovery phase the parties reached a confidential settlement agreement. MO & Company agreed to make certain alterations to the barbershop in exchange for Myers dropping his lawsuit. MO & Company also agreed to pay Myers $8,600 in attorney's fees and $400 in court costs.

The parties filed a joint stipulation for dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1)(ii). The district court dismissed the case, in accordance with its local rule, M.D. Fla. R. 3.08, without prejudice "subject to the right of the parties," within 60 days, to submit a stipulated form of final order

2

or judgment, if they chose to do so, or to move "to reopen the action, upon good cause." (emphasis omitted). The dismissal would be with prejudice following that 60-day period. The district court, however, did something beyond the scope of its local rule. It expressly retained jurisdiction "during and after" the 60-day period "to determine the reasonableness of [Myers'] attorney's fees and costs." The district court also prohibited payments of fees or costs without its consent.

Two months later Myers' attorney submitted an affidavit detailing his fees. The district court then entered an order reducing the attorney's fees award to $5,450 and ruled that Myers was not entitled to reimbursement for his personal expenses. The district court then dismissed the case with prejudice. Myers' appeal followed.

## II.

We review de novo a district court's subject matter jurisdiction. Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008). "We also review de novo the district court's interpretation of federal procedural rules." United States v. Elmes, 532 F.3d 1138, 1141 (11th Cir. 2008).

Federal Rule of Civil Procedure 41(a)(1)(ii) provides: "[T]he plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(ii). The

3

Supreme Court has stated that Federal Rule of Civil Procedure 41(a)(1) "does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381–82, 114 S.Ct. 1673, 1677 (1994). The Supreme Court held in Kokkonen that the district court did not have subject matter jurisdiction to enforce a settlement agreement after a Rule 41(a)(1)(ii) dismissal with prejudice. Id. A district court may retain jurisdiction over the settlement, however, if the court "embod[ies] the settlement contract in its dismissal order (or, what has the same effect, retain[s] jurisdiction over the settlement contract) if the parties agree." Id. (emphasis added). This Court has interpreted Kokkonen as follows: "[I]f the district court either incorporates the terms of a settlement into its final order of dismissal or expressly retains jurisdiction to enforce a settlement, it may thereafter enforce the terms of the parties' agreement." Am. Disability Ass'n v. Chmielarz, 289 F.3d 1315, 1320 (11th Cir. 2002).

The district court's dismissal order in the present case did not incorporate the settlement or even mention it. Nor did the district court retain jurisdiction to enforce the settlement agreement. The district court purported to retain jurisdiction only to modify the agreement. It was without the authority to do so, especially because neither Myers nor MO & Company agreed to the district

4

court's authority over the settlement.  See <u>Kokkonen</u>, 511 U.S. at 381–82, 114 S.Ct. at 1677.  The district court thus had no subject matter jurisdiction when it ordered the reduction of Myers' attorney's fees and costs.

**VACATED AND REMANDED** with instructions to dismiss with prejudice.