[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  12-14982
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-02566-TWT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOREN G. RICE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 14, 2013)

Before MARCUS, JORDAN, and KRAVITCH, Circuit Judges.

PER CURIAM:

Loren G. Rice, appearing *pro se*, appeals the district court's order enforcing

a summons issued by the Internal Revenue Service pursuant to 26 U.S.C. §

7602(a). Ms. Rice contends that the district court lacked personal jurisdiction over her and that the government failed to make a *prima facie* case in support of enforcing the summons.[1]

Revenue Officer K.O. Justice issued the summons and personally delivered it to Ms. Rice. When she failed to appear and produce the requested documents, the government filed a petition to enforce the summons in the Northern District of Georgia. The petition was supported by the declaration of Officer Justice, and based on this *prima facie* showing, the district court issued an order to show cause, which Officer Justice personally delivered to Ms. Rice along with the petition.[2] After a hearing, the magistrate judge recommended that Ms. Rice be ordered to comply with the summons, and the district court adopted the magistrate's findings and issued an order enforcing the summons.

We will affirm an order enforcing an IRS summons unless it was clearly erroneous. *See United States v. Medlin*, 986 F.2d 463, 466 (11th Cir. 1993). The IRS has explicit statutory authorization to issue a summons to aid its investigation of an outstanding tax liability, *see* 26 U.S.C. § 7602(a), and a district court has explicit jurisdiction to enforce the summons against a person who "resides or may be found" in the district. *See* 26 U.S.C § 7402(b). Of course, jurisdiction can only

---

[1] Ms. Rice also references the Fourth and Fifth Amendments in her brief. Because the government established a *prima facie* case and Ms. Rice failed to show "more than mere speculative, generalized allegations of possible tax-related criminal prosecution," both claims must fail. *See United States v. Reis*, 765 F.2d 1094, 1096 (11th Cir. 1985).

[2] Ms. Rice does not dispute proper service of the petition and the order to show cause.

2

be obtained "by appropriate process," *see id.*, and the government must make a preliminary showing that "the summons was issued for a legitimate purpose, that the information sought is relevant to that purpose, that the information sought is not already within the Commissioner's possession, and that the appropriate administrative steps have been followed." *United States v. Bichara*, 826 F.2d 1037, 1039 (11th Cir. 1987) (citing *United States v. Powell*, 379 U.S. 48, 57–58 (1964)).

The district court properly exercised personal jurisdiction over Ms. Rice. It is undisputed on appeal that Ms. Rice was properly served with the summons, and that she resides or was found in the Northern District of Georgia.

The government also established a *prima* facie case for enforcement. As stated in the declaration of Revenue Officer Justice, the IRS had a legitimate purpose for the summons (an investigation of 2007 tax liability of the Loren G. Rice Trust, of which Ms. Rice is the trustee), the information sought (testimony, documents, and a list of assets) was relevant to that purpose, the IRS did not have the information requested, and all administrative requirements had been followed. Ms. Rice asserts that a declaration is insufficient to make a *prima facie* case, but this argument lacks merit. Under Eleventh Circuit precedent, an officer's declaration is sufficient to establish a *prima facie* case for enforcing a summons. *See United States v. Morse*, 532 F.3d 1130, 1132 (11th Cir. 2008). Once the government made this showing and the district court's order to show cause and the

3

government's petition were served on Ms. Rice, the district court properly obtained personal jurisdiction over her. *See Bichara*, 826 F.2d at 1039.

Ms. Rice failed to disprove any of the elements of the government's *prima facie* showing, and failed to show that enforcing the summons would be an abuse of the court's process. Although she contends that the tax liability has been settled, she did not raise this argument before the magistrate judge.  In any event, "[her] challenge to the underlying tax liability is not sufficient to rebut the government's *prima facie* case." *Morse*, 532 F.3d at 1132. The district court properly enforced the summons.

**AFFIRMED.**