OPINION
PER CURIAM.
I.
Appellant Glenn Worley is the subject of an ongoing investigation by the Internal Revenue Service (“the Government”) into “the collection of income tax liabilities *745 (Forms 1040) ... for the calendar years(s) ended: December 31, 2004, and December 31, 2005.” As part of the investigation, the Government issued an administrative summons pursuant to 26 U.S.C. § 7602 (“the IRS summons”)[1] to compel Worley to “give testimony and to produce for examination books, papers, records,” etc. When Worley refused to comply with the IRS summons, the Government initiated proceedings pursuant to 26 U.S.C. § 7604(a).[2]
In May 2009, the District Court entered an order directing Worley to appear in court on June 18, 2009, to “show cause why an Order should not be entered enforcing the Internal Revenue Summons.” Worley then filed a motion for trial by jury, a motion to “quash this case” based on improper service of the IRS summons, and an answer with counterclaims. By order dated June 12, 2009, the District Court denied Worley’s motions and granted the Government’s motion to dismiss Worley’s counterclaims.
Worley appeared before the District Court on June 18, 2009. The District Court determined that Worley had not shown cause for why he should not produce the information requested by the Government, and issued an order that he comply with the IRS summons by giving testimony and producing books and reeords at a subsequent hearing.[3] Worley appealed from this order, and we granted his application to proceed in forma pauper-is.
II.
The District Court exercised jurisdiction over the IRS summons enforcement proceedings pursuant to 26 U.S.C. §§ 7402(b) and 7604(a). On June 18, 2009, the District Court entered a final order enforcing the IRS summons. Worley filed a timely notice of appeal. Therefore, we have jurisdiction pursuant to 28 U.S.C. 1291. See Church of Scientology of Cal, 506 U.S. at 15, 113 S.Ct. 447 (“we have expressly held that IRS summons enforcement orders are subject to appellate review”) (emphasis in original).[4]
Having granted Worley leave to proceed in forma pauperis, we must dismiss his appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) if it is frivolous, i.e., if it has no arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). We review the District Court’s determination that the factual prerequisites for enforcement of the IRS summons have been met for clear error, and any questions of law de novo. See United States v. Ins. Consultants of Knox, Inc., 187 F.3d 755, 759 (7th Cir. *746 1999); see also United States v. Gippetti, 248 Fed.Appx. 882, 887 (3d Cir.2007).
III.
Before a district court can enforce an IRS summons, the Government must “show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner’s possession, and that the administrative steps required by the Code have been followed.” United States v. Powell, 379 U.S. 48, 57-58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); United States v. Rockwell Int’l, 897 F.2d 1255, 1261 (3d Cir.1990). If the Government makes this four-step prima facie showing, the taxpayer still has the right to “challenge the summons on any appropriate ground” at a subsequent show cause hearing. Rockwell, 897 F.2d at 1262 (quoting Powell, 379 U.S. at 58, 85 S.Ct. 248). An “ ‘appropriate ground’ for challenging the summons exists when the taxpayer disproves one of the four elements of the government’s Powell showing, or otherwise demonstrates that enforcement of the summons will result in an abuse of the court’s process.” Id.
As he did below, Worley argues that the District Court lacked jurisdiction to enforce the summons. Worley does not, however, take issue with any specific element of the Government’s Powell showing. Nor has he demonstrated that the District Court’s enforcement of the summons will somehow result in “an abuse of the court’s process.” And contrary to Worley’s allegations, the District Court has both subject matter jurisdiction over the IRS summons enforcement proceedings and personal jurisdiction over Worley. See 26 U.S.C. §§ 7603 and 7604(a); United States v. Gilleran, 992 F.2d 232, 233 (9th Cir.1993). Because many of the other allegations made by Worley are misplaced, we emphasize for his benefit that he is not on trial; § 7602 was designed to be a vehicle for information-gathering, not indictments. See United States v. Arthur Young & Co., 465 U.S. 805, 816, 104 S.Ct. 1495, 79 L.Ed.2d 826 (1984) (the purpose of the summons statute is not to accuse but to inquire).
Accordingly, because this appeal presents no arguable legal issue, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

. “[U]nder 26 U.S.C. § 7602, the Secretary [of the Treasury] is vested with the authority to issue summonses in order to fulfill the Secretary’s investigatory obligation.” Gartner v. United States, 259 Fed.Appx. 514, 514 (3d Cir.2008).

. Section 7604(a) ”confer[s] jurisdiction on the federal district courts to enforce a summons issued by the IRS.” Church of Scientology of Cal. v. United States, 506 U.S. 9, 11 n. 4, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992).

. On September 1, 2009, Worley submitted for the District Court's in camera review documents responsive to the IRS summons. The District Court then ordered that Worley “shall appear and testify before IRS Officer Diana Ramos at the IRS's York office ... by no later than September 30, 2009,” and that Worley "shall produce and deliver to Ms. Ramos, any other IRS officer acting on her behalf, all documents responsive to the IRS' December 8, 2008 summons, including but not limited to the documents produced by Defendant to this court for in camera review.” (Dist. Ct. Order, dkt # 55.)

. Worley does not appeal from the District Court’s June 12, 2009 order that denied his motion to quash the IRS summons, and therefore we need not consider whether our jurisdiction over this appeal also arises under 26 U.S.C. § 7609(h)(1).